**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**UNDERWOOD & RIEMER, PC**
KENNETH J. RIEMER (*Pro Hac Vice forthcoming*)
2153 Airport Boulevard
Mobile, AL 36606
Telephone: (251) 432-9212
Facsimile: (251) 990-0626
Email: kriemer@alalaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. LOONEY, SR.,** Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **CARRINGTON MORTGAGE SERVICES, LLC.,** <br><br> Defendant. | Case No.: 8:20-cv-00037 <br><br> <u>**CLASS ACTION**</u> <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
1 OF 12

## NATURE OF THIS ACTION

1. Plaintiff ("Robert E. Looney Sr."), for himself and on behalf of members of a class of others similarly situated, files this lawsuit for damages and other legal and equitable remedies, resulting from the illegal actions of Carrington Mortgage Services, LLC ("Carrington").

2. Specifically, Defendant failed to provide Plaintiff and class members important required notices regarding its access and use of credit scores in connection with requests for mortgage loans. This notice is required by the Fair Credit Reporting Act, 15 USC § 1681 ("FCRA"). FCRA Section 1681g(g) requires mortgage lenders to provide a Credit Score Disclosure ("CSD") to consumers whenever their credit scores are accessed and used in connection with a request for a mortgage loan. The CSD is required each time a lender "uses a consumer credit score. . . in connection with an application initiated or sought by a consumer for [a mortgage loan]." 15 USC § 1681g(g).

3. This provision was enacted as a part of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). FACTA introduced sweeping amendments to the FCRA, broadly expanding consumers' rights to know who was accessing and using their credit information and how that information was being used. Among other things, FACTA requires users of credit information to notify consumers when their personal credit information is used, disclose the nature of the credit information used, identify the entities accessing the information and explain how the information was being used. FACTA also requires information regarding how to dispute and correct false credit information.

4. Credit scores were specifically addressed by the FACTA amendments. Congress recognized the increasingly use of credit scores to determine eligibility for credit and the terms of credit, as well as insurance and

employment; and it set out to expand consumer access to the scores being used to make these decisions. A major part of these expanded rights was introduction of Section 1681g(g), addressing the use of credit scores in connection with mortgage loan requests.

5. Defendant failed to provide Plaintiff the required CSD after it used his credit score in connection with a mortgage loan request made on or about June 7, 2019. This is part of a larger willful failure by Defendant to provide CSD to consumers. Plaintiff brings this action for himself and others who were not provided the required Section 1681g(g) disclosure and seeks statutory damages provided under FCRA Section 1681n(a).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the Defendant resides within this judicial district.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Baldwin County in the State of Alabama.

9. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by FCRA at 15 U.S.C. § 1681a(c)

10. Defendant Carrington Mortgage Services, LLC ("Carrington") is a limited liability company formed under the laws of Delaware, with its principal place of business in Anaheim, California.

11. Carrington is a home mortgage lender. Carrington regularly requests, receives, and uses consumer credit scores for use in its evaluation of mortgage loan applications submitted by consumers.

12. Carrington makes or arranges loans and uses consumer credit scores in connection with applications initiated or sought by consumers for closed end loans secured by residential real property.

## FACTUAL ALLEGATIONS

13. Plaintiff and his wife, Shirley Faye Looney, jointly own a home on East Ashford Park Drive in Foley, Alabama (the "Property"). At all relevant times this was their principal residence.

14. In June 2019, Plaintiff and his wife, Shirley Faye Looney, applied for a mortgage loan in connection with the upcoming purchase of their home on East Ashford Park Drive in Foley, Alabama. The application was submitted through First Mortgage of Alabama ("First Mortgage"), a mortgage broker which brokers loans for lender, such as Carrington.

15. On or about June 7, 2019, Fort Mortgage accessed Plaintiff's credit information and credit scores maintained by at least one consumer reporting agency. This information was accessed by First Mortgage in connection with the mortgage application. The credit information, including the scores, was obtained from at least one credit reporting agency and accessed on Carrington's behalf and was communicated to Carrington by First Mortgage.

16. Carrington used Plaintiff's credit score to evaluate Plaintiff's qualifications for a mortgage loan. Based at least in part on Plaintiff's credit score, Carrington approved the Plaintiff's loan application. The mortgage loan was closed on August 22, 2019.

17. FCRA, at Section 1681g, states in pertinent part as follows:

**(g) Disclosure of credit scores by certain mortgage lenders**

**(1) In General** Any person who makes or arranges loans and who uses a consumer credit score, as defined in subsection (f), in connection with an application initiated or sought by

a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property (hereafter in this subsection referred to as the "lender") shall provide the following to the consumer as soon as reasonably practicable:

**(A) Information required under subsection (f)**

**(i) In general**

A copy of the information identified in subsection (f) that was obtained from a consumer reporting agency or was developed and used by the user of the information.

**(ii) Notice under subparagraph (D)**

In addition to the information provided to it by a third party that provided the credit score or scores, a lender is only required to provide the notice contained in subparagraph (D).

15 U.S.C. § 1681g(g).

18. The content of the required credit score disclosure is set out in Subparagraph (D) of Section 1681g(g) and includes the following information: the numerical score obtained and used by the lender; the key factors affecting the score; an explanation of what credit scores are, how they are used in the lending industry and the connection between credit scores and credit terms offered; information regarding how to obtain the credit information impacting the score and how to dispute any inaccuracies; and how to obtain more information from the consumer reporting agency and the lender about the process.

19. The Credit Score Disclosure required under Section 1681g(g) must be provided as soon as reasonably practicable after use of the scores. 15 U.S.C. § 1681g(g)(1).

20. At no time did Defendant provide to Plaintiff any of the credit score disclosure required under Section 1681g(g).

21. Through the FACTA amendments, Congress sought to increase the FCRA's protection of consumer privacy. This included the addition of Section 1681g(g), which required that mortgage lenders alert consumers when their credit scores were being accessed and disclose who was accessing the scores, the scores that were used and other important information regarding the use of the consumer's personal credit information. This provided added protection from identify theft - a major focus of the FACTA amendments. It also provided consumers valuable information about factors determining credit scores, a subject previously hidden from consumers, and important information as to how to improve the scores and obtain further information. The required credit score disclosures include information, including the numerical score used, which could only be otherwise obtained at a cost to Plaintiff and class members.

22. Carrington knew or should have known that it was required to provide the credit score disclosures any time it used a credit score in connection with a loan application initiated or sought by a consumer. Its failure to provide that notice to Plaintiff and members of the class was knowing or reckless.

23. By failing to provide the credit score disclosures, Defendant has deprived Plaintiff and class members of statutorily required information and has caused a concrete injury, including the interests sought to be protected through the FCRA such as privacy, protection from identity theft, the integrity and accuracy of credit information disseminated through credit scores to potential creditors and increased access by consumers to the personal credit information used by potential creditors and information about how that information is used. Failure to provide the required disclosure created for Plaintiff and class members is a material risk of harm,

including but not limited to the following: The risk that their credit information, including their scores, would be used without their knowledge, increasing the risk of identity theft; the risk of harm to credit by depriving them of information regarding the credit scores used and how to improve the scores; and the incurring of costs associated with obtaining credit score information which Plaintiff and class members should have received at no cost through the required disclosure.

24. Defendant's failure to provide the required disclosure invaded a legally protected interest and its violations cause injury-in-fact that is concrete, particularized, actual and/or imminent, and not merely conjectural or hypothetical.

25. The harm suffered by the Plaintiff, and the putative class members, as a result of Defendant's FCRA violation bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for invasion of privacy, wrongful use name or likeness, public disclosure of private information, theft of identity, intrusion into seclusion, negligence and willfulness.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

27. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All consumers in the United States, during the two years prior to the filing of the complaint, whose credit score(s) was used by Carrington (1) in connection with an application initiated or sought by a consumer for a closed end loan or open end loan for a consumer purpose that was secured by 1 to 4 units of residential real property; and (2) after such use Carrington

failed to make the disclosures required by 15 U.S.C. § 1681g(g).

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Carrington, its subsidiaries, parents, successors, predecessors, and any entity in which Carrington or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors, or assignments of any such excluded persons; and (5) Plaintiff's counsel and Carrington's counsel.

29. Numerosity: The size of the class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Carrington regularly fails to provide the required disclosure and there are hundreds, if not thousands of putative class members. Class members can be identified through Carrington's records.

30. Commonality and Predominance: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, include but are not limited to the following:

  i. Whether, Carrington's conduct violates the FCRA;
  ii. Whether Carrington's violations were willful;
  iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
  iv. Whether Carrington and its agents should be enjoined from engaging in such conduct in the future.

31. Typicality: Plaintiff's claims are typical of the claims of other members of the class, in that Plaintiff and the members of the Class sustained damages

arising out of Carrington's uniform conduct and are equally entitled to the statutory damages provided for under 18 U.S.C. § 1681n(a).

32. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interest of the class and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of the class, and Carrington has no defenses unique to Plaintiff. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

33. Policies Generally Applicable to the Class: This class action is appropriate for certification because Carrington has acted, or refused to act, on grounds generally applicable to the class as a whole, thereby allowing the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the class, and making final injunctive relief appropriate with respect to the class as a whole. Carrington's practices apply to and affect the members of the class uniformly, and Plaintiff's challenge of those practices hinges on Carrington's conduct with respect to the class as a whole, not on facts or law applicable only to Plaintiff.

34. Superiority: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Carrington's misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense for all parties. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.
## [AGAINST DEFENDANT]

35. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

36. This claim is brought for Plaintiff individually and on behalf of the class described above.

37. Defendant on a regular basis makes or arranges loans secured by residential real estate.

38. Defendant on a regular basis uses a "consumer credit score," as that term is defined in 15 U.S.C. § 1681g(f)(2)(A), in connection with applications initiated or sought by consumers for a loan secured by residential real estate.

39. Plaintiff initiated or sought an application with Defendant a loan secured by his home.

40. Defendant used Plaintiff's credit score in connection with his application for that loan.

41. Defendant used the credit scores of members of the class described above in connection with applications initiated or sought for a loan secured by residential real estate.

42. Defendant failed to provide Plaintiff and members of the class described above with the disclosures required in 15 U.S.C. § 1681g(g).

43. Defendant's failure to provide the required credit score notice was willful, entitling Plaintiff and class members to the relief provided in 15 U.S.C. § 1681(n).

44. Defendant's failure to provide the required credit score notice was negligent, entitling Plaintiff and class members to the relief provided in 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An order certifying the class defined above, appointing Plaintiff as the class representative, and appointing his counsel as class counsel for the class;
- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- General damages according to proof;
- Special damages according to proof;
- Punitive damages according to proof as to the FCRA;
- Any and all other relief the Court deems just and proper.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
11 OF 12

## TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 8, 2020

Kazerouni Law Group, APC

By: /s Abbas Kazerounian
ak@kazlg.com
Abbas Kazerounian
*Attorneys for Plaintiff*

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorney for Plaintiff*