Earl P. Underwood, Jr.
epunderwood@alalaw.com
**UNDERWOOD & RIEMER, P.C.**
21 South Section Street
Fairhope, Alabama 36532
Telephone:   (251) 990-5558
Facsimile:    (251) 990-0626

Attorney for Plaintiff,
Robert E. Looney, Sr.

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. LOONEY, SR., Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CARRINGTON MORTGAGE SERVICES, LLC.**<br><br>**Defendant.** | Case No. 8:20-cv-00037-JVS (KES)<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:** June 1, 2020<br>**Time:** 10:30 a.m.<br><br>**Hon. James V. Selna** |

1
2
3

Plaintiff Robert E. Looney, Sr. ("Plaintiff") and Carrington Mortgage Services, LLC ("Defendant") submit this Joint Rule 26(f) Report as per the Court's March 25, 2020 order (Dkt. No. 19).

4
**A.** **Synopsis:**

5
6
7
8
9
10
11
12
13
14
15
16

**Plaintiff**: Plaintiff brings this action, individually and on behalf of all others similarly situated nationwide, to recover damages resulting from the illegal actions of Carrington Mortgage Services, LLC. Specifically, Defendant failed to provide Plaintiff and Class Members important required notices regarding its access and use of credit scores in connection with requests for Mortgage Loans, which Defendant was required to do as per the Fair Credit Reporting Act, 15 USC § 1681 ("FCRA"). FCRA Section 1681g(g) requires Mortgage Lenders to provide a Credit Score Disclosure to consumers when their credit scores are accessed and used in connection with a request for a Mortgage Loan. Failing to provide said Credit Score Disclosures created for Plaintiff and Class Members material risk of their credit information, including credit scores, being used without their knowledge, the increased risk of identity theft and the risk of harm to credit.

17
18
19
20
21
22
23
24
25
26
27

**Defendant:** Plaintiff alleges that Defendant violated the FCRA by failing to provide Plaintiff with a copy of a Credit Score Disclosure ("CSD") when Defendant checked Plaintiff's credit score in connection with Plaintiff's mortgage loan request in the Summer of 2019.  Plaintiff sues on behalf of himself and a putative class of allegedly similarly situated consumers who failed to receive a CSD when they applied for loans.  Defendant, however, provided Plaintiff with a copy of the CSD and Plaintiff provided his electronic signature, verifying that he received the disclosure on July 12, 2019 at 11:06 a.m. (PST).  Furthermore, as for the putative class, Defendant follows its standard policies and procedures and provides consumers with copies of CSDs whenever it checks a consumer's credit report. Accordingly, Plaintiff's individual and class claims fail.

28

**B.    Legal Issues:**

    **Plaintiff:** Plaintiff believes the main legal issues are whether (1) Defendant was required to provide certain information in the Credit Score Disclosures, (2) whether its violations were negligent and/or willful; and (3) whether a class action may be maintained under Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

    **Defendant:** Defendant believes the main legal issues are (1) whether Defendant provided Plaintiff with a valid CSD, (2) whether Plaintiff suffered any actual injury in fact, and (3) whether Plaintiff can meet his burden to prove all elements of his claim; and (4) whether Plaintiff can prove all elements necessary to certify a class action.

**C.    Damages:**

    **Plaintiff:**  Plaintiff seeks for himself, and each member of the putative class, actual damages, maximum statutory damages of $1,000, punitive damages, reasonable attorneys' fees and costs, and injunctive relief. See 15 U.S.C. § 1681n(a)(1)(A), §1681n(a)(2), § 1681n(a)(3), and § 1681o(a)(2).

    **Defendant:** Defendant denies that Plaintiff is entitled to recover any damages or relief whatsoever and further denies that Plaintiff may maintain this action as a class action.  Defendant contends that Plaintiff has not suffered any actual damage, that he cannot recover statutory penalties or fees because there has been no violation much less a willful violation, and that there is no wrongful conduct to enjoin because Defendant provides valid CSD's whenever a credit report is run.

**D.    Insurance:**

    **Plaintiff:**  Plaintiff has no applicable insurance coverage.

    **Defendant:** Defendant has tendered this claim to Certain Underwriters at Lloyd's, London ("Insurer"), under a Professional Liability Policy for the period

June 30, 2019 to June 30, 2020.  The Insurer has acknowledged receipt of the claim but has not yet indicated whether it will provide any coverage.

**E.**   **Motions:**

　　**Plaintiff:** Plaintiff intends to bring a motion to amend the pleadings to allege violations of the FCRA for untimely information concerning the date of access and/or use of credit scores, and improper (unauthorized) electronic provision of the Credit Score Disclosures to Plaintiff and others similarly situated, and requests a deadline of <u>August 4, 2020</u> to amend the pleading.  Additionally, Plaintiff intends to bring a motion for class certification.

　　**Defendant:**  Defendant plans to file a motion for summary judgment and will oppose any motion for class certification filed by Plaintiff.  Defendant may also bring other motions as appropriate, including as to subject matter jurisdiction.

**F.**   **Discovery and Experts:**

　　**Plaintiff:**

(1)  Plaintiff does not believe that changes in the disclosures under F.R.C.P. 26(a) should be made.

(2)  Plaintiff has not yet served Defendant with its first set of written discovery on Defendant. However, Plaintiff is in the process of preparing such discovery requests as well as one or more subpoenas to third-parties. Plaintiff intends to seek discovery on topics such as:

　　　a.  All contacts with Plaintiff, such as in-person, in writing and by telephone;

　　　b.  Documentation concerning accessing the credit score and other credit information of Plaintiff and the putative class members by Defendant and First Mortgage of Alabama;

　　　c.  Any use of the credit score by Defendant and First Mortgage of Alabama;

      d. Any authorization by Plaintiff to received Credit Score Disclosures electronically;

      e. Defendant's FCRA policies and procedures;

      f. Defendant's communications with First Mortgage of Alabama, relating to Plaintiff and the putative class members;

      g. Documentation supporting Defendant's asserted affirmative defenses.

(3)  Given the heavy overlap of class certification and merits issues in this action, Plaintiff does not believe that discovery should be bifurcated.

(4)  Plaintiff anticipates taking at least 4 depositions.

(5)  **Rule 26(a)(2)**: Plaintiff proposes the following timeline for expert witness disclosures and Report:

      a. Opening Expert Witness Disclosures and Report: <u>April 8, 2021</u>.

      b. Rebuttal Expert Witness Disclosures and Report: <u>May 6, 2020</u>.

      c. Expert discovery cut-off: <u>June 7, 2021</u>.

**Defendant:**

(1)    Defendant does not believe that changes in the disclosures under F.R.C.P. 26(a) should be made.  Defendant will timely serve its Initial Disclosures pursuant to F.R.C.P. 26(a).

(2)    The parties have not yet engaged in discovery.  Defendant intends to seek discovery regarding the facts and legal issues described above, including but not limited to liability, damages, the factual allegations in Plaintiff's complaint, Plaintiff's receipt of the CSD, Plaintiff's electronic signature verifying that he received the CSD, Plaintiff's past experiences with mortgage loans and any disclosures he may have received, any actual damages or lack thereof, and Plaintiff's adequacy or inadequacy to represent a class here.

(3)     Defendant believes discovery should be limited pending a motion for summary judgment that Defendant intends to file with respect to Plaintiff's individuals claims.  Such discovery should be limited to Plaintiff and the CSD provided to Plaintiff.  The parties should not take on the heavy burden and expense of class discovery, if needed at all, before that motion is decided.

(4)  The Parties anticipate submitting a proposed protective order in this case to protect private and/or confidential, proprietary trade secret information.

(5) Defendant anticipates taking 2-4 depositions.

(6) Defendant agrees with Plaintiff's proposed deadlines for expert witness disclosures.

## G.    Dispositive Motions:

**Plaintiff:** Plaintiff does not anticipate a dispositive motion before discovery and a ruling on a motion for class certification, but reserves the right to file a dispositive motion.

**Defendant:** Defendant believes that the issue of whether Defendant provided Plaintiff with an adequate CSD when he applied for his mortgage loan may be determined by motion for summary judgment.

## H.    Settlement and Settlement Mechanism:

**Plaintiff:**  As this is a putative class action, Plaintiff believes that it is premature to exchange settlement demands on a class basis before exchange of class-related discovery, including without discovery regarding the size of the putative class. However, the parties are continuing discussions concerning a potential individual settlement.

For the ADR mechanism, Plaintiff's preference is private mediation. Plaintiff proposes a deadline of March 12, 2021 to conduct the settlement conference.

**Defendant:**

---

The parties are continuing discussions concerning a potential individual settlement. As for the ADR mechanism, Defendant agrees with Plaintiff's preference of private mediation, if any, and proposed deadline of March 12, 2021 to conduct that mediation.

**I.** **Trial Estimate:**

**Plaintiff:** Plaintiff requests a trial by jury. Plaintiff estimates trial being 4-5 days if the action proceeds on a class basis; and 2 days if the action proceeds on an individual basis. Plaintiff anticipates calling 3 witnesses, including an expert.

**Defendant:** Defendant's position is that the length of trial will largely depend on the outcome of any motion for class certification, and that the duration cannot be predicted until the Court rules on any class certification motion. For a trial on Plaintiff's individual claims, Defendant estimates 1-2 trial days and anticipates calling 2-4 witnesses.

**J.** **Timetable:**

**Plaintiff:**

(1) The Parties have jointly prepared the Presumptive Schedule of Pretrial Dates and attach hereto the completed **Exhibit A**. Plaintiff's preference is for deadlines to be set through hearing on a motion for class certification, with all other deadlines including trial to be set after a ruling on a motion for class certification.

(2) **Deadline for motion for class certification**: Plaintiff proposes that the Court order any motion for class certification be filed on or before <u>January 22, 2021.</u>

**Defendant:** Defendant requests that the deadline for Defendant to oppose Plaintiff's motion for class certification be set for 30 days after the motion is filed, with any relies due within 14 days after the opposition is filed.

**K.** **Other Issues:**

**Plaintiff:**

(1) **Stipulated Protective Order**:  Plaintiff requests that any stipulated protective order re: confidential information be submitted to the Court no later than <u>June 5, 2020</u>, so as to not delay the exchange of discovery.  Plaintiff understands that Defendant is in the process of drafting said stipulated protective order.

**L.    Conflicts:**

   **Plaintiff:**   Plaintiff is unaware of any conflicts.

   **Defendant:** Defendant is unaware of any conflicts.

**M.    Patent Cases:**  N/A

**N.    Magistrate Judge:**   The Parties do not consent to a Magistrate Judge presiding.


Date: May 20, 2020                          **KAZEROUNI LAW GROUP, APC**

                                   By:*/s/ Jason A. Ibey*
                                      Jason A. Ibey
                                      jason@kazlg.com
                                      Attorneys for Plaintiff

                                   By:*/s/ Earl P. Underwood, Jr.*
                                   **UNDERWOOD & RIEMER, PC**
                                   Earl P. Underwood, Jr.
                                   Underwood & Riemer, P.C.
                                   21 South Section Street
                                   Fairhope, AL 36532
                                   Telephone:       251-990-5558
                                   Facsimile:       251-990-0626
                                   epunderwood@alalaw.com
                                   ***Counsel for Plaintiffs***

Dated:  May 20, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Shannon Z. Petersen*
            SHANNON Z. PETERSEN

Attorneys for Defendant
CARRINGTON MORTGAGE SERVICES,
LLC

## SIGNATURE CERTIFICATION

I, Jason A. Ibey, am one of the attorneys of record for Plaintiff, certify that attorney of record for Defendant, has authorized the filing of this Joint Rule 26f Report. Further, I have obtained and will maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

By:    s/ JASON A. IBEY
        JASON A. IBEY